Louis B. Heller, J.
Motion to consolidate Actions Nos. 1 and 2. Action No. 1 was commenced in June, 1960. The complaint alleges that plaintiff, in December, 1959, obtained a judgment against the defendant Mary Zarrella and another in the sum of over $31,000 in an action in the Supreme Court, Bronx County, that said judgment was docketed in the office of the Clerk of the County of Kings, and that execution issued thereon has been returned unsatisfied. It further alleges that in May, 1945, said defendant Zarrella became the owner of premises described in the complaint and on or about May 16,1959 conveyed her interest in the property to her daughter, defendant Viola Trimaldi, that such conveyance was given without consideration and with the intent to hinder, delay or defraud the creditors of said defendant Zarrella. Plaintiff prays that the said conveyance be set aside as in fraud of creditors, that said defendant Trimaldi be adjudged to have no interest in the property, that a receiver be appointed, that the defendants be enjoined from conveying or incumbering the property, and for other relief.
Action No. 2 was commenced in January, 1962 by the plaintiff in that action, Henry Trimaldi, the husband of defendant Trimaldi and a son-in-law of defendant Zarrella, against said defendants and Morris Calin, the plaintiff in Action No. 1. The action was instituted under section 500 of the Beal Property Law and seeks to determine the claims to the real property set forth in the complaint (the same property as is described in the complaint in Action No. 1). The complaint alleges that plaintiff purchased *13 the premises in May, 1945 for the sum of $6,750, paying- the sum of $1,750 in cash and the balance by purchase-money mortgage of $5,000; that title was taken in the name of defendant Zarrella and that she executed the mortgage bond; that on March 16, 1959, defendant Zarrella, upon plaintiff’s demand, conveyed the premises to plaintiff’s wife, defendant Trimaldi and that on or about October 4, 1960, the defendants Zarrella and Trimaldi conveyed the premises to plaintiff. The complaint further recites the institution of Action No. 1 and the relief sought in that action prays that defendants be barred from any claim or interest in the premises described and that plaintiff be adjudged to be the owner of said premises.
Defendants Zarrella and Trimaldi have consented to the consolidation. A motion by plaintiff in Action No. 2 to stay Action No. 1 was denied by this court. Defendants Zarrella and Trimaldi have served their answers in Action No. 1 and have appeared in Action No. 2, but have served no answer therein. Action No. 1 has been noticed for trial for the March 1962 Special Term of this court.
Aside from the question whether Action No. 2 states a cause of action under section 500 of the Real Property Law against defendant Calin, or the merits of such action, which questions are not raised on this motion, nor determined by the court, I am of the opinion that this is not a proper case for consolidation, notwithstanding that consolidation is favored by our courts. (See Abbatepaolo v. Blumberg, 7 A D 2d 847; Pride v. Perras, 6 A D 2d 842.)
The plaintiffs and defendants are not the same, nor are the issues. The sole issue in Action No. 1 is as to whether the conveyance sought to be set aside was in fraud of creditors and that in Action No. 2 whether the defendants have a claim or interest in the premises described in the complaint. The defendants in Action No. 1 are the mother-in-law and wife of the plaintiff in Action No. 2. While they have appeared in Action No. 2, they have not answered therein, and apparently do not intend to contest that action. Further, the cause of action did not arise out of the same transaction. Action No. 2 has been noticed for trial and consolidation would result in prejudice to plaintiff in Action No. 1 by delaying the trial of such action until the plaintiff therein could complete necessary preliminary steps in Action No. 2 preparatory to trial, such as motion for bill of particulars, examination before trial, etc. In addition, Action No. 2 was not commenced until some 18 months after the commencement of Action No. 1. For all of the foregoing reasons and in the exercise of discretion, the motion is denied.